**CIRCUIT COURT OF FRANKLIN COUNTY**

Farm Veterinary Services, Inc.,
and Pell Animal Clinic, Inc.

v.

Raymond H. Novak, II

Case No. CL99-04-6882

Farm Veterinary Services, Inc.,
and Pell Animal Clinic, Inc.

v.

Walter Preston Thornton, II

Case No. CL99-04-6883

September 19, 2001

BY JUDGE WILLIAM N. ALEXANDER, II

I am consolidating these two cases for the purposes of this opinion since the facts of each are almost identical. Counsel have agreed that I decide these cases based on the memoranda submitted, the exhibits filed with the memoranda, the answers to interrogatories, and the documents mentioned in the pleadings or memoranda.

Following are the facts as I find them to be. Raymond H. Novak, II, and Walter Preston Thornton, II, were employed by Farm Veterinary Services, Inc., and Pell Animal Clinic, Inc., as veterinarians. Novak began with Plaintiff in 1992 and Thornton in 1993. Each signed a contract of employment before beginning employment. Novak signed his first contract in May 1992, to begin on July 1, 1992; Thornton signed his first contract in June 1993, to begin on July 1, 1993. Each contract was for a period of twelve months. The contracts did not provide for automatic renewal. Each contract was renewed on an annual basis with the last written renewal being executed on October 1, 1995, for employment from July 1, 1995, through June 30, 1996. Plaintiffs' attorney prepared each contract and written renewal. Paragraph 6 of each contract contained the following non-compete provision:

> If the party of the second part engages in the practice of veterinary medicine, either alone, as an employee, in partnership, or as an employee of any professional corporation, with any other person within three years and within twenty (20) miles from the facilities occupied by the party of the first part after the expiration of the term of this contract or any renewals thereof, the party of the second part agrees to pay the party of the first part $30,000 due and payable on the first date that the party of the second part participates in the practice of veterinary medicine as a competitor as described herein. The party of the first part and the party of the second part agree that the amount set is a reasonable estimate of the cost incurred by the party of the first part in training the party of the second part and a reasonable estimate of the expense incurred or financial loss resulting to the party of the first part during the training period for the party of the second part. The party of the second part further agrees to indemnify the party of the first part for any attorney's fees, court costs, or other expenses incurred in the enforcement of this provision.

After the last contracts were signed in October of 1995, no further written contracts were executed. There was no express verbal renewal of the contracts. Thereafter, Richard Wilkes, one of Plaintiff's principals, annually discussed Thornton and Novak's continued employment and pay raises. There were discussions of bonuses and of the possibility of Novak and Thornton buying into the business. In 1997 an incentive plan was discussed and

payment made in accordance with the plan. Novak and Thornton continued working from July 1, 1996, until 1999.

In April of 1999, both Novak and Thornton notified Plaintiff they were leaving Plaintiff's employment. Thornton cited the lack of a written contract over the last three years as one of the reasons he was leaving Plaintiff's employment. Thornton left in April, and Novak left in June of 1999. After July 1, 1999, both began providing veterinary services within the twenty mile radius.

The non-compete provision set out above spawns this litigation. Plaintiff claims the written contracts were renewed on an annual basis by the conduct of Novak and Thornton after 1996, that the contracts were orally renewed each year after 1995, and that the non-competition provision is effective for a period of three years from the date of their last employment.

Plaintiff seeks to enforce the penalty provision of the non-compete provision against them, seeking judgment against each in the amount of $30,000.

Novak and Thornton assert the statute of frauds as a defense, contend Novak and Thornton became at-will employees in 1996, and assert that the non-compete provision is void as against public policy.

The statute of frauds defense asserted by Novak and Thornton is not applicable to these facts. Section 11-2(8) of the Code of Virginia provides that, unless a contract is in writing, no action shall be brought on any "agreement that is not to be performed within a year." The agreement alleged by Plaintiff is not one that cannot be performed in a year. It is true that the non-compete provision subjects Novak and Thornton to a $30,000 penalty for a period of three years after the expiration of the contract. But "[A]n agreement does not fall within the statute if that which one of the parties is to do is all to be performed within a year; in other words, the agreement must contemplate non-performance by both parties within the year." *Greenbrier Farms v. Clarke*, 193 Va. 891, 895 (1952). Plaintiff's performance was completed within one year.

The next question is whether the written employment contract was renewed by oral agreement or by the continued employment of Novak and Thornton for almost three years after the expiration of the contract, thereby subjecting them to the penalty of the non-compete provision. Virginia adheres to the common-law rule that when the intended duration of a contract for the rendition of services cannot be determined by fair inference from the terms of the contract, then either party is ordinarily at liberty to terminate the contract at will, upon giving the other party reasonable notice. *Bowman v. State Bank of Keysville*, 229 Va. 534, 535 (1985). But a different rule is reached when a

contract for services contemplates performance during a fixed period of time. If an employee enters the employment of another for a definite period (one year or less) and continues in that employment after the expiration of the agreed period, without any new agreement, a rebuttable presumption arises that the contract has been renewed for a like term. *Buchanan & Son v. Ewell*, 148 Va. 762, 772 (1927).

Novak and Thornton did enter the employment of plaintiff for a definite period of one year under a written contract, continued that employment for several years under the same written contract, and continued the employment after the expiration of the contract for approximately three years. Novak and Thornton have rebutted the presumption that the written employment contract was renewed from year to year. The evidence establishes that a continuation of the written contract was not intended. The written contract prepared by Plaintiff could have provided for automatic renewal but it did not. The course of dealing between these parties was for Plaintiff to present Novak and Thornton written contracts annually. Plaintiff ceased presenting the written contracts. Throughout the post-contract period, negotiations continued between Plaintiff, Novak, and Thornton during which continued employment, pay changes, incentives, bonuses, a possible buy-in, etc. were discussed. There is no evidence that the parties ever discussed orally renewing any or all of the terms of the written contract. It is significant that at no time after the expiration of the written contracts did the parties ever discuss the non-competition provision.

Each employment contract provided for a term of employment for twelve months. The last written contract expired on June 30, 1996. The contract provided that Novak and Thornton would be subject to the covenant not to compete "after the expiration of the term of this contract or any renewals thereof." The contract expired; it was renewed twice for Novak and once for Thornton; neither left Plaintiff's employ until after the contract had expired; and neither began practicing until after three years from the expiration of the last contract. Novak and Thornton continued to work for their employer for almost three years after their contracts had expired. The written contract was not renewed by their continued employment. They continued as employees at will. Under these circumstances, the covenant not to compete cannot be enforced and Novak and Thornton cannot be required to pay the $30,000.00.

Furthermore, this non-competition provision which imposes a $30,000.00 penalty on the employees if they practice veterinary medicine within three years of leaving their employer or within twenty miles of employer's facility is an unreasonable restriction upon competition. Because

restrictive covenants restrain trade, non-competition clauses are strictly construed against the employer. The employer bears the burden of proving that the restraint is reasonable under the facts of the case. Whether a restrictive covenant is enforceable is a question of law to be determined by the court. See *Simmons v. Miller*, 261 Va. 561, 581 (2001).

The non-compete clause recites that the penalty amount is a reasonable estimate of the cost of training and of the lost income to employer during employees' training.

However, no evidence has been produced by Plaintiff to show these restraints were reasonable from its standpoint and no greater than necessary to protect its business interest, to show from Novak and Thornton's standpoint that the restraint is reasonable and not unduly harsh and oppressive in curtailing their legitimate efforts to earn a livelihood, and to show that the restraint is reasonable from the standpoint of sound public policy. *Advanced Marine Enterprises v. PRC, Inc.*, 256 Va. 106, 118 (1996). The penalty seems patently unreasonable in terms of loss to Plaintiff in light of Novak and Thornton's continued employment from 1992 through 1999.

For the reasons stated above, the court finds in favor of the defendants and the Motions for Judgment against Novak and Thornton will be dismissed.